**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Jonathan Fraley**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**A.S. Shows Inc.**, an Arizona Corporation, and **Douglas Sargent and Jane Doe Sargent**, a married couple, and **James Gehring and Jane Doe Gehring**, a married couple,<br><br>                    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Jonathan Fraley ("Plaintiff"), sues the Defendants, A.S. Shows Inc., Douglas Sargent and Jane Doe Sargent, and James Gehring and Jane Doe Gehring ("Defendants" or "A.S. Shows") and alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act

-1-

("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5. Plaintiff brings this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6. This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

8. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Pima County, Arizona, and is a former employee of Defendants.

12. At all material times, Defendant A.S. Shows Inc. was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant A.S. Shows Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Pima County, Arizona.

13. At all relevant times, Defendant A.S. Shows Inc. owned and operated as the "Kino Gem & Mineral Show," a company doing business in the Tucson Metropolitan Area that hosts various gem, rock, and mineral vendors for the public to shop and purchase.

14. Under the FLSA, Defendant A.S. Shows Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, A.S. Shows Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to A.C. Shows' employees, Defendant A.S. Shows Inc. is subject to liability under the FLSA.

15. Defendants Douglas Sargent and Jane Doe Sargent are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Douglas Sargent and Jane Doe Sargent are owners of Defendant A.S. Shows Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

16. Under the FLSA, Defendants Douglas Sargent and Jane Doe Sargent are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Douglas Sargent and Jane Doe Sargent had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to A.S. Shows' employees, Defendants Douglas Sargent and Jane Doe Sargent are subject to individual liability under the FLSA.

17. Defendants James Gehring and Jane Doe Gehring are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. James Gehring and Jane Doe Gehring are owners of Defendant A.S. Shows Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18. Under the FLSA, Defendants James Gehring and Jane Doe Gehring are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants James Gehring and Jane Doe Gehring had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to A.S. Shows' employees, Defendants James Gehring and Jane Doe Gehring are subject to individual liability under the FLSA.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

20. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

23. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

24. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

25. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

26. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

27. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

28. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

31. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

32. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

33. A.S. Shows Inc. is an enterprise that hosts various gem, rock, and mineral vendors for the public to shop and purchase doing business in the Tucson Metropolitan Area.

34. In or around January 2023, Plaintiff began working for Defendants as traffic control personnel, directing vehicles to parking spots.

35. Plaintiff was compensated at an hourly rate of $15 throughout his employment with Defendants.

36. Plaintiff worked for Defendants until approximately February 2, 2023.

37. During Plaintiff's employment with Defendants, Plaintiff typically worked approximately between 35 and 40 hours per week.

38. Plaintiff's final workweek took place between approximately January 29 and February 4, 2023.

39. In his final workweek, Plaintiff worked approximately 36 hours.

40. Defendants failed to compensate Plaintiff any wages whatsoever for his final workweek for Defendants.

41. After his final workweek, Plaintiff contacted Defendants multiple times to try to get paid. In response, Defendants stated that a check would be forthcoming via mail. However, no check ever arrived.

42. To date, Plaintiff still has not been paid for such work performed for Defendants.

43. As a result of failing to pay Plaintiff any wages whatsoever for such time, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked in his final workweek.

44. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

45. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

46. As a result of Defendants' failure to compensate Plaintiff all wages due and owing for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

47. At all relevant times, in his work for Defendants Plaintiff was a non-exempt employee.

48. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

49. Plaintiff is a covered employee within the meaning of the Arizona Minimum Wage Act.

50. Plaintiff is a covered employee within the meaning of the Arizona Wage Act.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

-8-

53. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT
FAILURE TO PAY MINIMUM WAGE**

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. As a result of failing to compensate Plaintiff any wages whatsoever for his final workweek with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

59. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

60. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jonathan Fraley, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

61. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62. As a result of failing to compensate Plaintiff any wages whatsoever for his final workweek with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

63. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

64. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jonathan Fraley, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

-11-

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

65. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

67. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

68. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff by Defendants.

69. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Jonathan Fraley, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

-12-

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of April 2023.

                                                BENDAU & BENDAU PLLC

                                                By: /s/ *Clifford P. Bendau, II*
                                                Christopher J. Bendau
                                                Clifford P. Bendau, II
                                                *Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Jonathan Fraley, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

*Jonathan fraley (Apr 28, 2023 10:34 PDT)*
Jonathan Fraley